PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ GARCÍA DONES, Defendant and Appellant.

No. 4399. Argued April 10, 1931.—Decided April 21, 1931.

*Rafael Rivera Zayas* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The complaint in this case charges that the defendant, José García Dones, on November 11 of 1929, in the ward of Venezuela, Sabana Llana, in the municipal district of Río Piedras, did unlawfully, wilfully and maliciously, and for purposes of offense and defense, carry on his person a revolver, a deadly weapon; and that he did not carry the same by reason of any sport, profession, or trade.

The District Court of San Juan found the defendant guilty of the crime of carrying a prohibited weapon and sentenced him to forty days in jail. The defendant has appealed.

Four errors are assigned by the appellant as committed by the trial judge.

It is contended that the complaint does not state facts

sufficient to charge the defendant with the offense of carrying a weapon.

The accused maintains that the complaint failed to state that he was carrying the weapon in a place which was not his own dwelling or estate, and that the act is contrary to the law in such case made and provided and against the peace and dignity of the People of Puerto Rico.

Act No. 14 of June 25, 1924, defines said offense thus:

"Section 1.—That any person unlawfully carrying any arm or instrument with which bodily injury may be caused, shall be punished by imprisonment for a term of from one to six months."

The offense consists in the act of carrying on or about one's person a prohibited weapon or instrument.

Section 5 of the Act enumerates the cases wherein by reason of the character of the instrument, its use, the place, the person, or other stated circumstances, the penal provisions of the act do not apply.

We have examined the jurisprudence cited by the parties herein. Where the act constituting an exception is not made a part of the definition of the offense but is set forth in a separate provision, it is not necessary to allege such an act in the complaint; the latter is sufficient if it substantially follows the language of the statute.

The acts mentioned in said section 5 are, more than anything else, exceptions, to be relied on as matter of defense.

Another error assigned refers to the admission of certain testimony respecting a bullet which was not introduced in evidence.

Really no great importance can be attached to this point.

While the witness Emmanueli, a policeman, was testifying, the following incident occurred:

"Q. Did you seize some weapon? Any bullet of some fire-arm?

"A. No, sir.

"Q. Some bullet?

"A. No, sir, it was brought to me.

"Q. You saw the bullet, then?

"A. I saw a bullet brought by the witnesses.

"Q. Of what caliber?

"Deft. I object to any mention of the bullet.

"*Fiscal.* The witness may come afterwards when he may talk about the bullet; I withdraw him until later.

"Deft. The bullet should have been produced as it is the best evidence.

"Judge. The court admits the question; the Supreme Court has already decided that in cases of this sort it is unnecessary to offer the weapon in evidence; therefore if the weapon is not necessary, much less is the bullet."

The reasoning of the judge was correct. Inasmuch as it has been held by this Court that the production of the weapon is not strictly necessary (*People* v. *Julián,* 18 P.R.R. 905; *People* v. *Nieves,* 35 P.R.R. 49), there is no doubt that the same principle may be applied to the presentation of a bullet. The court did not commit the error assigned by the appellant.

It is contended that the court erred in finding the accused guilty, as the evidence adduced is not sufficient therefor. We have read the transcript of the evidence and find enough support therein for the judgment of conviction entered in this case.

We shall now consider the first error assigned in the brief, namely, that the court erred in finding the defendant guilty under said Act No. 14, which is challenged as being unconstitutional and void because it is indefinite, vague, general, and uncertain. The appellant thinks that in the case of *People* v. *Cruz,* 34 P.R.R. 305, this Court went beyond its authority in the application and construction of a penal statute.

It is urged that section 1 of the said Act has been drawn in general and uncertain terms. We do not agree. The modern tendency is to avoid casuistry and unnecessary detail, which in the majority of instances turn out to be detrimental to the purposes of the law. In the section we are considering

the element of ''reasonable certainty'' required by the authorities is present. The act has already been so construed, in *People* v. *Cruz, supra,* as in our opinion not to leave any room for doubt, thus (p. 305):

''A weapon, according to its common meaning and the definition of the word given in the dictionary of the Spanish Academy, is an instrument intended for offense and defense; or, in other words, an instrument for the purposes of offense and defense. Therefore, section 1 of the Act of 1924 (p. 116), in providing for the punishment of any person who unlawfully carries any weapon, can not refer to anything but instruments intended for offense or defense, as are those enumerated in the Act of 1905 (Comp. sec. 5994), and although it is true that the Act of 1924 failed to specify the weapons prohibited and used a general word, yet the meaning of that word does not include other weapons than instruments intended for offense and defense, such as those specified in the Act of 1905 and any others similar.''

In the beginning of the paragraph above quoted this Court followed the rule of construction referred to in section 14 of the Civil Code; and, in order to dispel all doubt, it then applied the method of interpretation by comparison and analogy sanctioned by section 17 of the said Code, and in addition the method that takes into account the reason and spirit of the law, in accordance with section 18 of the same Code. Those sections are as follows:

''Section 17.—Laws which refer to the same matter, or whose object is the same, shall be interpreted with reference to each other, in order that what is clear in one may be employed for the purpose of explaining what is doubtful in another.

''Section 18.—The most effectual and universal manner ·of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit thereof, or the cause or motives which induced its enactment.''

Although we think that section 1 of the Act is clear, if there was any need of resorting to construction, it was perfectly reasonable for this Court to make a comparison with the provisions of the previous law concerning the same

offense and, after making a careful investigation by taking into account the reason and spirit of the law and the motives which induced the Legislature to enact the same, to clear any doubt that might have arisen. For such an interpretative task courts have considerable latitude and ample authority, since often the application of the laws necessarily includes the process of interpretation.

The Court did not exceed its authority in construing the law, either in that case or in *People* v. *Vadi*, 34 P.R.R. 441. In the latter case section 1 was construed in connection and by comparison with section 5 of the same act.

As the trial court did not commit the errors assigned, the judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.